IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| RICKY DEWAYE SMITH,  )  )    Plaintiff,  )  ) v.   ) TOMMY BOSWELL, *et al.*,  )  )    Defendants.  ) | CIVIL ACTION NO. 3:07cv965-MEF |

**ORDER ON MOTION**

Pending before the Court are the Complaint (Doc. #1) and application to proceed *in forma pampers* (Doc. #2), filed by Plaintiff Ricky Dewayne Smith (Smith) on 26 October 2007. On 31 October 2007, this matter was referred to the undersigned for action or recommendation on all pretrial matters. Order of October 31, 2007 (Doc. #4). The Court has reviewed Smith's Complaint and observes the filing suffers from fatal defects.

The first ground in Smith's Complaint centers on his allegations that the named Defendants, knowing Smith's medical history, gave him medicines they knew to be harmful. To show Defendants violated the Eighth Amendment with respect to his medical care, Smith must show Defendants acted with deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference occurs when a defendant "knows of and disregards an excessive risk to inmate health or safety; the [defendant] must both be aware of facts from which the inference could be drawn that a substantial

risk of serious harm exists and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Furthermore, "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Id.* at 838.

In his Complaint, Smith does not specify which medicines he was administered, why they would be harmful, what his known medical condition was, or even what harm he suffered as a result of Defendants' actions. Neither does Smith provide any evidence in support of his claims. Smith's Complaint merely consists of conclusory statements which do not adequately state a claim for relief.

Smith's second and third grounds for relief relate to his conditions of confinement and are based on an Eighth Amendment claim of cruel and unusual punishment. Specifically, Smith complains of: overcrowding; lack of exercise; lack of "yard call;" lack of fresh air; lack of sunshine; and a lack of adequate security. He claims the aforementioned "needs/rights" were not met during his incarceration.

With respect to the second and third grounds for relief, the Court must first note that Smith is no longer in custody and thus these claims, with respect to Smith's request for injunctive and declaratory relief, may be moot. *Smith v. Allen*, 2007 WL 2826759, at *7 (11th Cir. Oct. 2, 2007). Second, it is not apparent from the Complaint what Smith's status was while he was incarcerated. If Smith was in the Russell County jail awaiting trial when these alleged violations occurred, then Smith's claims would be based on the

Fourteenth Amendment. If they occurred following a conviction, then he has properly raised them as Eighth Amendment claims. *Ingraham v. Wright*, 430 U.S. 651, 671 n. 40 (1977). Therefore, for good cause, it is

ORDERED that Smith's application to proceed *in forma pauperis* (Doc. #2) is GRANTED. It is further

ORDERED that **on or before 16 November 2007**, Smith will file an Amended Complaint which more clearly and specifically sets forth his claims. Smith must specify: his prior medical condition; what specific medicines Defendants administered that were harmful; how Defendants knew the medicines would harm him; what his harm or damage was as a result of the improper medicines and prison conditions; and whether he was incarcerated pretrial or after conviction. Smith is cautioned that his failure to comply with this order may result in the undersigned's recommendation to the District Court that his claims be dismissed for failure to follow the orders of the Court and failure to prosecute this action.

DONE this 2nd day of November, 2007.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE