**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | |
|---|---|
| **RICKY DEWAYNE SMITH,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:07-cv-965-MEF-WC |
| ) | |
| **TOMMY BOSWELL, et al.,** ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' BRIEF IN SUPPORT OF**
**THEIR MOTION TO DISMISS**

COME NOW the Defendants, Russell County Sheriff Tommy Boswell (hereafter, "Sheriff Boswell"), Lieutenant Loetta Holland (hereafter, "Lieutenant Holland"), Nurse Tina Riley-Pelfrey (hereafter, "Nurse Riley"), and Doctor Stu Warr (hereafter, "Dr. Warr"), and move this Honorable Court to dismiss this action against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for Plaintiff's failure to state a claim upon which relief can be granted. As grounds therefor, Defendants set down and assign the following:

1.  The Plaintiff filed the instant lawsuit against Defendants on October 26, 2007, alleging, pursuant to 42 U.S.C. § 1983, deprivation of his rights under the Eighth and Fourteenth Amendments to the United States Constitution. The Complaint appeared to seek declaratory relief, as well as compensatory and punitive damages. On November 2, 2007, this Court ordered the Plaintiff to file an amended complaint detailing more specifically his incarceration status, and the facts of his complaint. On November 14, 2007, the Plaintiff filed his Amended Complaint.

2.  The Plaintiff's claims against the Defendants are due to be dismissed because the Plaintiffs' claims are moot, and the Plaintiff lacks standing to bring his claims.

3. The Plaintiff's claims against the Defendants are due to be dismissed because any official capacity claims against the Defendants are barred by the Eleventh Amendment to the United States Constitution.

4. The Plaintiff's claims against the Defendants are due to be dismissed because the Defendants, in their official capacities, are not "persons" for purposes of 42 U.S.C. § 1983.

5. The Plaintiff's claims against the Defendants are due to be dismissed because the Defendants are entitled to qualified immunity

## I. INTRODUCTION

The Plaintiff's claims stem from his incarceration in the Russell County Jail (hereafter, the "Jail") pursuant to his arrest for violation of his probation based on a conviction for Theft of Property First Degree. The Plaintiff was arrested on July 11, 2007, and was released from the Jail on October 23, 2007. (See, generally, Amended Complaint.)

## II. PLAINTIFF'S ALLEGATIONS

In his Amended Complaint, the Plaintiff appears to be alleging that the Defendant failed to provide adequate or appropriate medical attention, in violation of the Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment.[1] Although the Plaintiff included in his original Complaint allegations regarding lack of sunshine, lack of yard call, lack of fresh air, lack of exercise, and lack of adequate security, those claims were not included in his Amended Complaint, despite this Court's specific instruction to specify what his harm or damage was as a result of these prison conditions. Therefore, Defendants assume that Plaintiff has abandoned those claims.[2]

---

[1] This statement of the Plaintiff's Allegations is based upon Plaintiff's Complaint and Amended Complaint, and the undersigned's interpretation of the issues raised.

[2] If those claims survived the Amended Complaint, Defendants request that this Honorable Court grant Defendants an opportunity to answer and address them.

## III. FACTS[3]

The Plaintiff was incarcerated in the Russell County Jail on February 20, 2005, upon arrest for the crime of Theft of Property, First Degree. Prior to his incarceration, the Plaintiff had been diagnosed with Hepatitis C. From March, 2005 to October, 2005, the Plaintiff sought, but did not receive, treatment for Hepatitis C, due to the fact that a patient has to be drug-free for a minimum of six (6) months before treatment is started for treatment to be effective. The Plaintiff was only in the Russell County Jail for five (5) months.

The Plaintiff was again incarcerated in the Russell County Jail in August of 2006 on a charge of violation of his probation. At this time, the Plaintiff again sought treatment for his Hepatitis C, but was again released within six (6) months.

The Plaintiff was again arrested and incarcerated in the Russell County Jail on July 11, 2007. On September 20, 2007, the Plaintiff complained of a rash on his arms. On that same day, the Jail medical staff, consisting of Dr. Warr and Nurse Riley, examined the Plaintiff. Upon examination, Dr. Warr could not determine a rash was present. However, the Plaintiff complained of itching, and specifically stated that Nazarol was the only thing that helped the rash. Therefore, because it had previously been beneficial to the Plaintiff, Dr. Warr prescribed Nazarol for the Plaintiff. The Plaintiff was released from the Jail on October 23, 2007, spending only a little over three (3) months in the Jail.

## IV. ARGUMENT

### A. The Court Lacks Jurisdiction Over the Plaintiff's Injunctive Claims Because the Plaintiff's Claims Are Moot, and the Plaintiff Lacks Standing To Bring His Claims.

The Plaintiff has no standing to bring his injunctive claims against the Defendants. Plaintiff initially filed this action on October 26, 2007; however, prior to the institution of this

---

[3] Defendants present these facts as undisputed for purposes of this Motion to Dismiss only. These facts may be disputed at later stages in this litigation, should it be necessary to do so.

lawsuit, the Plaintiff was released from the Russell County Jail. Therefore, his injunctive claims are moot. See, e.g., Cotterall v. Paul, 755 F.2d 777, 780 (11th Cir. 1985) (prisoner's claim for injunctive relief was moot and properly dismissed, where prisoner had been transferred from county jail in which unconstitutional conditions allegedly existed); McKinnon v. Talladega County, 745 F.2d 1360, 1363 (11th Cir. 1984) ("The general rule is that a prisoner's transfer or release from a jail moots his individual claim for declaratory and injunctive relief." (citation omitted)).

The Plaintiff also lacks standing to pursue his equitable claims. A plaintiff seeking the jurisdiction of the federal courts must show a personal stake in the outcome. Baker v. Carr, 369 U.S. 186, 204 (1962). The Plaintiff must have sustained, or is about to sustain, some direct injury. Golden v. Zwickler, 394 U.S. 103, 109-110 (1969). Of direct relevance to the present case, "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974).

In City of Los Angeles v. Lyons, the plaintiff alleged that he had been subjected to a chokehold by arresting officers in violation of his federally protected rights. 461 U.S. 95, 97 (1983). The plaintiff sought an injunction barring the future use of police chokeholds. 461 U.S. at 98. After the Ninth Circuit affirmed the district court's grant of a preliminary injunction, the United States Supreme Court reversed, holding that the plaintiff lacked standing. 461 U.S. at 99-100. The Court stated that the plaintiff's standing rested solely on pure speculation that he *might* be stopped by the police, *might* be arrested, and *might* be subjected to another chokehold. 461 U.S. at 108.

Because the Plaintiff is no longer an inmate in the Russell County Jail, his claims are, in essence, that he *might* again be incarcerated in the Russell County Jail, *might* again be denied

the medical treatment he desires, and so forth. Such speculation into future conduct – even if it did violate the Plaintiff's rights[4] – does not grant the Plaintiff's standing. Lyons, 461 U.S. at 108.

> **B.  The Defendants, in Their Official Capacities, Are Entitled to Judgment in Their Favor as a Matter of Law.**

In his Complaint, the Plaintiff has not designated whether he is suing the Defendants in their official or individual capacities. Out of an abundance of caution, to the extent the Plaintiff's Complaint can be construed as making official capacity claims, the Eleventh Amendment bars such claims. Additionally, the Defendants, in their official capacities, are not "persons" for purposes of 42 U.S.C. § 1983.

> **1.  All official capacity claims against the Defendants are barred by the Eleventh Amendment to the United States Constitution.**

The Plaintiff's official capacity claims against the Defendants are due to be dismissed for lack of subject matter jurisdiction. The Defendants, in their capacities as sheriff, jail administrator, jail doctor, and jail nurse, are executive officers of the State of Alabama. Therefore, a suit against them, in their official capacities, is a suit against the State of Alabama. See Hafer, 502 U.S. at 25; Lancaster, 116 F.3d at 1429; see also Kentucky v. Graham, 473 U.S. at 165-66. Because this suit is, in effect, a suit against the State of Alabama, the Eleventh Amendment to the United States Constitution bars the Plaintiff's claims under § 1983. See Free, 887 F.2d at 1557; see also Dean v. Barber, 951 F.2d 1210, 1215 n.5 (11th Cir. 1992); Carr v. City of Florence, 916 F.2d 1521, 1525 (11th Cir. 1990) (citing Parker v. Williams, 862 F.2d 1471, 1476 (11th Cir. 1989) and upholding the proposition that a deputy sued in his official capacity is entitled to Eleventh Amendment immunity). Thus, this Court lacks subject matter jurisdiction over these claims.

---

[4] Defendants, of course, dispute that any of the Plaintiff's constitutional rights have been violated.

      **2.**      **The Defendants, in their official capacities, are not "persons" for purposes of 42 U.S.C. § 1983.**

42 U.S.C. § 1983 prohibits a person, acting under color of law, from depriving another of his rights secured by the United States Constitution. 42 U.S.C. § 1983. The United States Supreme Court has held that a state official sued in his or her official capacity, is not a "person" under § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Thus, any claims against these Defendants, in their official capacities, are due to be dismissed because they are not "persons" under § 1983, and therefore, these claims fail to state a claim upon which relief can be granted. Id.; Carr, 916 F.2d at 1525 n.3 (citing Will and noting that, in addition to entitlement to Eleventh Amendment immunity, "neither a State nor its officials acting in their official capacities are a 'person' under § 1983").

    **C.**    **The Defendants Are Entitled to Qualified Immunity.**

In their individual capacities, the Defendants are entitled to qualified immunity and a dismissal of Plaintiff's claims unless they violated the Plaintiff's clearly established constitutional rights of which a reasonable person would have known. Lancaster, 116 F.3d at 1424. Qualified immunity is a protection designed to allow government officials to avoid the expense and disruption of trial. Ansley v. Heinrich, 925 F.2d 1339, 1345 (11th Cir. 1991). The Eleventh Circuit Court of Appeals has observed, "[t]hat qualified immunity protects governmental actors is the usual rule; only in exceptional cases will government actors have no shield against claims made against them in their *individual capacities*." Lassiter v. Alabama A & M Univ., 28 F.3d 1146 (11th Cir. 1994) (en banc) (emphasis in original) (footnote omitted). In the light of pre-existing law the unlawfulness must be apparent. Anderson v. Creighton, 483 U.S. 635, 640 (1987). Mere statements of broad legal truisms, without more, are not sufficient to overcome qualified immunity. Post v. City of Ft. Lauderdale, 7 F.3d 1552, 1557 (11th Cir. 1993).

Once a defendant has asserted the defense of qualified immunity, the threshold inquiry a court must undertake is whether the plaintiff's allegations, if true, establish a constitutional violation. Saucier v. Katz, 533 U.S. 194, 201 (2001). This initial inquiry is whether "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" Id. (citing Siegert v. Gilley, 500 U.S. 226, 232 (1991)). The second inquiry is, if a constitutional violation is stated, were these rights "clearly established" to the degree that these Defendants had "fair warning" that their conduct violated the plaintiff's constitutional rights? Willingham v. Loughnan, 321 F.3d 1299, 1301 (11th Cir. 2003).

In making an assessment of whether the particular conduct of these Defendants was clearly established as being violative of constitutional dictates, the reviewing court must examine the state of law at the time the alleged deprivation occurred. See Rodgers v. Horsley, 39 F.3d 308, 311 (11th Cir. 1994). A constitutional right is clearly established only if its contours are "sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson, 483 U.S. at 640; Lancaster, 116 F.3d at 1424. "In this circuit, the law can be 'clearly established' for qualified immunity purposes only by decisions of the U.S. Supreme Court, Eleventh Circuit Court of Appeals, or the highest court of the state where the case arose." Jenkins v. Talladega Bd. of Educ., 115 F.3d 821, 827 (11th Cir. 1997) (en banc) (citations omitted).

The instant Plaintiff alleges that he was unlawfully denied adequate and/or appropriate medical care. These Defendants are entitled to judgment in their favor as a matter of law on these claims for three reasons. First, the Defendants' policies and actions were not deliberately indifferent to a constitutional right of the Plaintiff. Second, the Defendants did not promulgate policies that caused the Plaintiff's alleged constitutional deprivations. Third, no clearly established law provided the Defendants with "fair warning" that their conduct was unlawful.

7

1.      **The Plaintiff did not suffer from an objectively serious medical need.**

A constitutional violation under the Eighth Amendment for denial of medical care is stated where the facts tend to show that a jail official was deliberately indifferent to the serious medical needs of an inmate. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). The Plaintiff must satisfy both an objective and a subjective inquiry. Taylor v. Adams, 221 F.3d 1254, 1257 (11th Cir. 2000); Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir. 1995). First, he must show an objectively serious medical need. Taylor, 221 F.3d at 1258; Adams, 61 F.3d at 1543. Second, the Plaintiff must demonstrate that the Defendants acted, or failed to act, with an attitude of "deliberate indifference" to that serious medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). A prison official cannot be deliberately indifferent to an excessive risk to an inmate's health unless he is both "aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and . . . draws[s] the inference." Farmer, 511 U.S. at 837.

In the instant case, the Plaintiff has failed to allege any facts tending to show that these Defendants knew of a serious medical condition. In his Complaints, the Plaintiff alleges that he suffers from Hepatitis C.[5] However, Hepatitis C is rarely fatal. Further, treatment for Hepatitis C can only begin once a patient has been drug-free for at least six (6) months. At no time was the Plaintiff incarcerated in the Russell County Jail for the requisite six months.

Dr. Warr did not, and does not, believe that Nazarol would be harmful to the Plaintiff. In fact, nowhere on the Physicians Desk Reference page submitted as Exhibit A to the Plaintiff's Complaint does it indicate that Nazarol should not be given to patients with Hepatitis C or people with any other liver issues or diseases. The PDR also does not say that it may cause damage to people with pre-existing liver issues. The Plaintiff states in his Complaint that he began experiencing some of the symptoms of liver damage. However, he does not describe exactly

---

[5] Though the Plaintiff indicates that he was on seizure medication, there is no allegation in the Complaints that he actually suffered from a single seizure while in the Russell County Jail.

what symptoms he experienced. Specifically, the Plaintiff does not allege that he experienced high bilirubin, jaundice, unusual fatigue, loss of appetite, nausea or vomiting, dark urine, or pale stools. (See Exhibit A to Plaintiff's Complaint). He merely complained of itching, which was the exact complaint he had *before* the Nazarol was prescribed. Therefore, Dr. Warr could not be aware of a serious medical condition that posed a danger to the Plaintiff.

> **2.      The Complaint fails to allege a constitutional violation in that the Defendants were not deliberately indifferent to the Plaintiff's serious medical needs.**

Jail officials must provide humane conditions of confinement, ensuring that inmates receive adequate food, clothing, shelter, and medical care. Hudson v. Palmer, 468 U.S. 517, 526-527 (1984). A claim is stated only where the conditions of confinement pose a risk to the health or safety of an inmate and the defendant official is deliberately indifferent to that risk. Farmer, 511 U.S. at 837.

An inmate does not have a right to a *specific* kind of treatment. City of Revere v. Massachusetts General Hosp., 463 U.S. 239, 246 (1983) (holding, "the injured detainee's constitutional right is to receive the needed medical treatment; ***how [a municipality] obtains such treatment is not a federal constitutional question***") (emphasis added). Furthermore, this Court should not substitute its medically untrained judgment for the professional judgment of the medical health professionals who treated the Plaintiff. See Waldrop v. Evans, 871 F.2d 1030, 1035 (11th Cir. 1989) (observing that "when a prison inmate has received medical care, courts hesitate to find an Eighth Amendment violation"); Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985) (stating that the evidence showed the plaintiff received "significant" medical care while in jail, and although plaintiff may have desired different modes of treatment, care provided by jail did not constitute deliberate indifference), cert. denied, 475 U.S. 1096 (1986); Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976) (stating "Where a prisoner has

received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments.").

The Defendants were not deliberately indifferent to any objectively serious need that could be construed in the Plaintiff's Complaints. In order to be deliberately indifferent, an official must both know of a serious risk of harm and disregard it. Farmer, 511 U.S. at 837. In the instant case, the Plaintiff has failed to allege any facts tending to show that the Defendants were deliberately indifferent to his medical conditions.

It should initially be noted that Defendants Sheriff Boswell and Lieutenant Holland have no direct involvement whatsoever in the medical care of inmates. In fact, the Plaintiff's Amended Complaint does not mention these defendants even once. (See, generally, Complaint.) Defendants Dr. Warr and Nurse Riley are responsible for the provision of medical care to the inmates. Sheriff Boswell and Lieutenant Holland do not have any kind of medical education, training or experience. They rely upon the professional judgment of medical professionals who have been retained to provide care to the inmates. Certainly this Court should not require these Defendants, with absolutely no medical or health care training, to substitute their medically untrained judgment for the professional judgment of the medical health professionals who treated the Plaintiff.

While the Eleventh Circuit has not had an opportunity to visit this issue, the Eighth Circuit has addressed a similar claim. In Meloy v. Bachmeier, 302 F.3d 845 (8th Cir. 2002), a former inmate sued several prison doctors, a nurse, and the prison's medical director[6] for failing to provide him with a positive air pressure machine needed to treat his sleep apnea. 302 F.3d at 847. Reversing the district court's denial of summary judgment for the director, the Eighth Circuit began by making some common sense observations. "A prison's medical treatment

---

[6] The medical director was a trained and licensed nurse. Meloy, 302 F.3d at 846.

director who lacks medical expertise cannot be liable for the medical staff's diagnostic decisions." 302 F.3d at 847 citing, Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995). Further, the Meloy court stated "[p]rison officials cannot substitute their judgment for a medical professional's prescription." Id. citing, Zentmyer v. Kendall County, 220 F.3d 805, 812 (7th Cir. 2000). Finally, the court held:

> The law does not clearly require an administrator with less medical training to second-guess or disregard a treating physician's treatment decision. Because the law was not clearly established that [the director] was deliberately indifferent to [the plaintiff's] serious medical needs, [the director] is entitled to qualified immunity.

302 F.3d at 849.

Further, Dr. Warr and Nurse Riley were clearly not indifferent to the Plaintiff's medical needs. The Plaintiff alleged one medical complaint: a rash. The Plaintiff was examined for that rash on the same day he requested help and, though Dr. Warr did not see a rash, he nevertheless prescribed the medication requested by the Plaintiff. This gratuitous medical care provided by Dr. Warr and Nurse Riley is the polar opposite of indifferent. It is therefore clear from the face of the Amended Complaint that the Plaintiff's chief claim is that the medical personnel ineffectively treated him. However, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." Estelle, 429 U.S. at 106. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Id. Therefore, the Plaintiff has failed to allege, and the facts do not support, that the Defendants violated the Plaintiff's federally protected rights.

        **3.**     *Respondeat Superior* **cannot serve as a basis for § 1983 liability.**

To the extent the Plaintiff seeks to impose vicarious liability on Sheriff Boswell or Lieutenant Holland, his claims are due to be dismissed. Vicarious liability is not permitted under § 1983. See Monell, 436 U.S. at 691.

        **4.**     **There is no allegation of any personal wrongdoing on the part of Sheriff Boswell or Lieutenant Holland.**

To overcome the Defendants' entitlement to qualified immunity, the Plaintiff must prove that they were deliberately indifferent. Farmer v. Brennan, 511 U.S. 825, 836 (1994). Specifically, the Plaintiff must prove that the Defendants were aware that a substantial risk of serious harm to the inmate's health or safety existed. The Plaintiff must further prove that the Defendants drew the inference of the existence of such a risk. Id. However, the Plaintiff has failed to allege a violation of his federally protected rights – let alone a violation personally committed by Sheriff Boswell or Lieutenant Holland. As pointed out above, Sheriff Boswell and Lieutenant Holland are not even mentioned once in the Amended Complaint. Therefore, these Defendants are entitled to qualified immunity and judgment as a matter of law on the Plaintiff's claims.

        **5.**     **There is no causal connection between any policy or custom promulgated by Defendants Sheriff Boswell or Lieutenant Holland, and the Plaintiff's alleged injuries.**

The Eleventh Circuit has stated what is required to make out a § 1983 claim against a supervisor:

> Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation. The causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences.

12

Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990) (citations omitted).  The Eleventh Circuit, therefore, applies a three-prong test that the Plaintiff must satisfy to establish supervisory liability: (1) the supervisor's actions, either in training, promulgating policy, or otherwise, were deliberately indifferent to the Plaintiff's rights; (2) a reasonable person in the supervisor's position would know that his or her actions were deliberately indifferent; and (3) the supervisor's conduct was causally related to the subordinate's constitutional infringement.  Greason v. Kemp, 891 F.2d 829, 836-37 (11th Cir. 1990); see also Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990) (citations omitted).  The causal connection may be established where the supervisor's improper "custom or policy ... result[s] in deliberate indifference to constitutional rights."  Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991) (citing Zatler v. Wainwright, 802 F.2d 397 (11th Cir. 1986)).  "[T]he inadequacy of police training may serve as the basis for § 1983 liability *only* where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact."  City of Canton v. Harris, 489 U.S. 378, 388 (1989) (emphasis added).  The Complaint fails to allege facts supporting any of these elements, and there is no evidence to support the allegations even if they were made.

First, the Defendants' policies and actions were not deliberately indifferent.  Furthermore, there is no allegation that the Defendants had knowledge (either actual or constructive) of a training deficiency in the Russell County Jail or that the policies and/or customs of the jail would result in constitutional violations.  Id.  There is no allegation of widespread obvious, flagrant, rampant and continuous malpractice by the Jail medical staff.  Id.

Second, there are no facts in the record from which a reasonable person could conclude that the Defendants' conduct was deliberately indifferent.  Prison officials may be held liable for denying humane conditions of confinement only if they know that inmates face substantial risk of serious harm and disregard that risk by failing to take reasonable measures to abate it.  Farmer

v. Brennan, 511 U.S. 825, 837 (1994). There are no allegations in the Complaints at all to show that the Defendants were aware of any risk of harm to the Plaintiff, let alone a substantial risk of harm. Consequently, the Plaintiff has failed to meet the second element of supervisory liability under § 1983.

Regarding the third element of supervisory liability, there is no causal connection between the Defendants' conduct and the alleged constitutional deprivation. Again, there is no evidence that the Defendants failed to train the jail personnel.

The Plaintiff has failed to allege, and the facts do not show, the existence of the elements of supervisory liability under § 1983. See Greason, 891 F.2d at 836-37. The Defendants cannot be held vicariously liable under § 1983. Monell, 436 U.S. at 694-95. Consequently, the Defendants are entitled to qualified immunity and judgment in their favor as a matter of law. Saucier, 533 U.S. at 201.

**D.     No Clearly Established Law Gave the Defendants Fair Warning that Their Conduct was Unlawful.**

The Plaintiff must show that clearly established law provided the Defendants with fair warning that their conduct was unlawful by either (1) pointing to a case with materially similar facts holding that the conduct engaged in was illegal; or (2) demonstrating that a pertinent federal statute or a federal constitutional provision is specific enough to demonstrate conduct was illegal, even in the total absence of case law. Storck v. City of Coral Springs, 354 F.3d 1307, 1317 (11th Cir. 2003) (citations omitted). The Eleventh Circuit has identified the latter method as an "obvious clarity" case. Vinyard v. Wilson, 311 F.3d 1340, 1350 (11th Cir. 2002) (footnote omitted). In order to show that a defendant's conduct was unconstitutional with "obvious clarity," "the unlawfulness must have been apparent." Willingham, 321 F.3d at 1301. "Unless a government agent's act is so obviously wrong, in the light of pre-existing law, that only a plainly incompetent officer or one who was knowingly violating the law would have done

14

such a thing, the government actor has immunity from suit." Storck, 354 F.3d at 1318 (quoting 28 F.3d at 1149).

      WHEREFORE, ABOVE PREMISES CONSIDERED, Defendants move this Honorable Court to dismiss this action against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

      Respectfully submitted this 25th day of January, 2008.

                                          s/Scott W. Gosnell
                                          SCOTT W. GOSNELL (GOS002)
                                          Attorney for Defendants

OF COUNSEL:

WEBB & ELEY, P.C.
7475 Halcyon Pointe Drive (36117)
P.O. Box 240909
Montgomery, Alabama 36124
Telephone: (334) 262-1850
Fax: (334) 262-1889
E-mail: sgosnell@webbeley.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on this the 25th day of January, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and certify that I have mailed by United States Mail, postage prepaid, a true and correct copy of such filing to the following non-CM/ECF participant:

Ricky Dewayne Smith
c/o Faith Rescue Mission
108 Camden Street
Montgomery, Alabama 36108

                                          s/Scott W. Gosnell
                                          OF COUNSEL